**Mohammed Nazem HULEHIL, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–72153.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mohammed Nazem Hulehil, Las Vegas, NV, pro se.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Blair T. O'Connor, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM ***

Mohammed Nazem Hulehil, a native and citizen of Israel, petitions *pro se* for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Hulehil contends that the IJ erred in finding him ineligible for asylum. We disagree. Substantial evidence supports the IJ's conclusion that Hulehil failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1178 (9th Cir.2004); *Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003); *Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Because Hulehil failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the IJ's conclusion that Hulehil is not entitled to relief under the Convention because he failed to demonstrate that it is more likely than not that he will be tortured if returned to Israel. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Hulehil contends for the first time on petition for review that the IJ erred in failing to inform Hulehil, as a *pro se* petitioner, of all the remedies available to him. Because Hulehil never raised this issue before the BIA, he has failed to exhaust his administrative remedies and we do not have jurisdiction to consider it here. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

PETITION DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.